**SO ORDERED: June 07, 2010.**



**Basil H. Lorch III**
**United States Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| ROBERT CHARLES KLIPSCH, ) | CASE NO. 09-71922-BHL-7A |
| ) | |
| Debtor(s). ) | |

**ORDER SUSTAINING TRUSTEE'S OBJECTION TO DEBTOR'S CLAIMED EXEMPTION IN INHERITED INDIVIDUAL RETIREMENT ACCOUNT**

This matter comes before the Court on Trustee's **Objection to Claim of Exemptions** ("Objection") filed on December 5, 2009. Specifically, Trustee objected to Debtor claiming an exemption in an inherited IRA. The Court held an evidentiary hearing on the matter on April 22, 2010. The matter was fully briefed on May 22, 2010. Having considered the foregoing, and for the reasons described below, the Court finds that Trustee's Objection should be and hereby is **SUSTAINED.**

### Background

Robert C. Klipsch ("Debtor") filed this Chapter 7 bankruptcy on October 19, 2009.

Debtor claimed his interest in Edward Jones IRA Account No. xxx-xxx71-1-3 (the "Inherited IRA") exempt under I.C. § 34-55-10-2(c)(6).[1] The undisputed history of the Inherited IRA is as follows: Debtor's parents, Morris and Barbara Klipsch each initiated IRA accounts at Citizens State Bank on December 26, 1975 under § 408(a) of the Internal Revenue Code.[2] Barbara's IRA named Morris as beneficiary and Debtor and Debtor's sister as alternate beneficiaries shar[ing] and shar[ing] alike. Morris's IRA named Barbara as beneficiary and similarly named Debtor and Debtor's sister as alternate beneficiaries. Barbara Klipsch died on April 22, 2008. When Morris Klipsch died on February 10, 2009, Debtor was entitled to a one-half distributive share of his IRA. Debtor's distributive share of his father's IRA, $56,136.66, was transferred to Edward Jones on February 24, 2009 and the Inherited IRA, a traditional IRA registered as "FBO Morris C Klipsch IRA C/O Robert C Klipsch" was created.

## Analysis

Indiana opted out of the federal exemptions provide by 11 U.S.C. § 522(d).[3] Bankruptcy exemptions for Indiana debtors are supplied by state statute in I.C. 34-55-10-2. In the case at bar, Debtor argues that his Inherited IRA is exempt under the relevant Indiana statute, which reads:

> (c) The following property of a debtor domiciled in Indiana is exempt:
>     (6) An interest, whether vested or not, that the debtor has in a retirement plan or fund to the extent of:
>         (A) contributions, or portions of contributions, that were made to the retirement plan or fund by or on behalf of the debtor or the debtor's

---

[1] Debtor originally scheduled "Edward Jones IRA Three separate accounts" as exempt under 11 U.S.C. § 522(b)(3)(C) in his petition and filed amended schedules B and C on February 10, 2010 listing each of the three IRA accounts separately. Trustee stipulates that Debtor's interest in the Edward Jones IRA Account Nos. xxx-xxx20-1-6 and xxx-xxx-75-1-5 are exempt under I.C. 35-55-10-2(6)(A).

[2] 26 U.S.C. § 408 is entitled Individual Retirement Accounts.

[3] I.C. 34-55-10-1

       spouse:
        (i) which were not subject to federal income taxation to the debtor at the time of contribution; or
        (ii) which are made to an individual retirement account in the manner prescribed by Section 408A of the Internal Revenue Code of 1986;
       (B) earnings on contributions made under clause (A) that are not subject to federal income taxation at the time of the levy;
and
       (C) roll-overs of contributions made under clause (A) that are not subject to federal income taxation at the time of the levy.

I.C. 34-55-10-2(c)(6).

The Indiana Code defines a "retirement plan" for the purposes of I.C. 34-55-10 to include "an individual retirement annuity or individual retirement account that is intended in good faith to qualify as a retirement plan under the applicable provisions of the Internal Revenue Code of 1986[4], as amended." I.C. 34-6-2-131.

  According to 26 U.S.C. § 408(d)(3)(C)(ii), an individual retirement account shall be treated as **inherited** if the individual for whose benefit the account is maintained acquired such account by reason of the death of another individual, and such individual was not the surviving spouse of such other individual. (emphasis added). Debtor acquired the Inherited IRA on account of the death of his father, Morris Klipsch. The Inherited IRA is maintained for the benefit of the Debtor. Therefore, according to the Internal Revenue Code, the Edward Jones IRA xxx-xxx71-1-3, is properly designated as the Inherited IRA.

  Pursuant to the Internal Revenue Code, the rollover of an inherited IRA destroys the account's status as an IRA. 26 U.S.C. § 408(d)(3)(C)(i)(II). IRS Publication 590 puts forth a clear explanation of inherited IRAs under the section conveniently titled: What if You Inherit an IRA?

  **Inherited from someone other than a spouse.** If you inherit a traditional IRA from

---

[4] Title 26 of the United States Code

anyone other than your deceased spouse, you cannot treat the inherited IRA as your own. This means that you cannot make any contributions to the IRA. It also means you cannot roll over any amounts into or out of the inherited IRA. However, you can make a trustee-to-trustee transfer as long as the IRA into which the amounts being moved is set up and maintained in the name of the deceased IRA owner for the benefit of you as beneficiary.

Like the original owner, you generally will not owe tax on the assets in the IRA until you receive distributions from it. **You must begin receiving distributions from the IRA under the rules for distributions that apply to beneficiaries.**

Internal Revenue Service Publication 590 Individual Retirement Arrangements (IRAs) (2009).

Indiana's definition of retirement plan directly hinges on the Internal Revenue Code's characterization of what is and what is not a retirement plan. Under 26 U.S.C. §408, an inherited IRA is not a retirement plan. Inherited IRAs cannot be rolled over. Beneficiaries of inherited IRAs may make withdrawals at any time, without penalty and must either start taking lifespan-measured withdrawals within one year or take the entire amount within five years. *See* 26 U.S.C. §§ 401(a)(9)(B)(ii), 402(c)(11)(A)(ii), 408(a)(6). Inherited IRAs are not meant to be treated as retirement plans under either the Internal Revenue Code or the Indiana Code.

Case law bears out and further explains that inherited IRAs are fundamentally different from traditional IRAs. Inherited IRAs are not vehicles to defer taxation on income in order to preserve money for retirement. *In re Chilton*, 2010 WL 817331 at *5 (Bankr. E.D. Tex 2010) *citing In re Sims*, 241 B.R. 467 (Bankr. N.D. Okla. 1999). Inherited IRAs are liquid assets that the beneficiary may access at any time without penalty and that the beneficiary must take as income without regard to retirement needs. *Id.*

### Conclusion

Under Indiana law, an inherited IRA is a non-exempt asset of the debtor's bankruptcy estate. The public policy considerations which support protecting debtor's retirement savings do not extent to inheritances.  In fact, § 541(a)(5) of the Bankruptcy Code specifically includes

assets inherited within six (6) months of the petition date as property of the bankruptcy estate.

For all of the foregoing reasons, the Trustee's Objection is sustained.

###